UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| Expo Development, LLC d/b/a Expo Realty, LLC | : : : : | |
| *Plaintiff*, | : : | |
| vs. | : : | C.A. No. |
| Liberty Mutual Insurance Company; and Ohio Casualty Insurance Company | : : : : | |
| *Defendants*. | : : | |

# COMPLAINT

## Parties

1. Plaintiff, Expo Development, LLC d/b/a Expo Realty, LLC ("Plaintiff"), is a corporation organized and existing under the laws of the State of Rhode Island, with a principal place of business located 1135 Charles Street, North Providence, RI 02904.

2. Upon information and belief, the Defendant, Liberty Mutual Insurance Corporation ("Liberty Mutual"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

3. Upon information and belief, the Defendant, Ohio Casualty Insurance Company ("Ohio Casualty"), is a corporation organized and existing under the laws of the State of New Hampshire, with a principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

4. The Defendants, Liberty Mutual and Ohio Casualty, are, upon information and belief, affiliated with one another and are both members of the Liberty Mutual insurance group.

5.     Said Defendants, Liberty Mutual and Ohio Casualty, may hereinafter be referred to collectively as "Defendant Insurers."

## Jurisdiction and Venue

6.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between a Rhode Island citizen (Plaintiff) and a Citizen of the Commonwealth of Massachusetts.

7.     Venue is proper under 28 U.S.C. §1931 as Plaintiff is a resident of Rhode Island, as the Real Property involved in this Action is located in Rhode Island, and a substantial part of the events or omissions giving rise to these claims occurred in Rhode Island.

## Factual Background

8.     Plaintiff is and was at all material times hereto the record title owner of the real property located at 715 Warwick Avenue, Warwick, Rhode Island 02988 (the "Property").

9.     At the time of the events described herein, the Property and its contents were insured under Liberty Mutual Commercial Insurance Policy No. BMO 60376820 ("the Policy"), which was issued by Liberty Mutual and underwritten by Ohio Casual.

10.    On or about October 16, 2019, Plaintiff suffered a fire and water damage loss (the "Loss") at the above-referenced Property.

11.    Plaintiff subsequently filed a claim for this Loss under the Policy, to which the Defendant Insurers assigned Claim No. 23745519 (the "Claim").

12.    An Estimate was prepared for Plaintiff by William D'Amico, a Public Adjuster, in the amount of $212,422.37 for all Loss-related damage and related damage repairs to the Property.

13. On or about December 4, 2019, the Defendant Insurers afforded partial coverage in the amount of $30,945.87 for those damages that the Defendant Insurer alleged were caused by the fire, but denied coverage for the portions of Plaintiff's damages that Defendant Insurers alleged were caused by water over the course of the same event.

14. Plaintiff has hereto disagreed with Defendant Insurers' decision to deny any portion of Plaintiff's Loss-related damages, and maintains instead that all damages reported under this Claim should be covered under the terms of the Policy.

15. Despite Plaintiff's repeated demands for full coverage, Defendant Insurers have hereto maintained their partial coverage position and refuse to grant full coverage for the Claim.

16. Plaintiff has also expressed disagreement as to the *amount* of coverage afforded for the partially covered "fire" damage, and therefore timely demanded appraisal of that covered portion of the Claim under the Policy terms prior to filing suit.

17. Defendant Insurers have refused to submit this Claim to appraisal to determine the amount of coverage that should be afforded for the portions of Plaintiff's damages that Defendant Insurers have attributed to fire and therefore agreed to cover.

## COUNT I
## Declaratory Judgment:
## Coverage under the Policy

18. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in the paragraphs above as if fully set forth herein.

19. Pursuant to R.I.G.L. §§ 9-30-1, et seq., this Court is endowed with the "power to declare rights, status, and other legal relations."

20. A dispute has arisen between the parties with respect to Plaintiff's right to coverage under the Insurance Policy for the claim.

21. This Court should declare and confirm as a final judgment that the entire Claim is covered under the language of the Insurance Policy and thus the Defendant Insurer must pay to remediate the damages at the Property.

22. In addition, or in the alternative, this Court should also declare and confirm as a final judgment that the Defendant Insurers must submit the concededly-covered "fire" damages for Appraisal under the applicable terms of the Policy.

### **COUNT II**
### **Negligence**

23. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in the paragraphs above as if fully set forth herein.

24. In issuing the Policy for Plaintiff's Property, Defendant undertook a duty to use reasonable care in the investigation and/or handling of any claims for property damage arising under the aforesaid Policy.

25. In issuing the Policy for Plaintiff's Property, Defendant also owed Plaintiff a duty to comply with applicable industry standards, state insurance statutes, and department of business regulation requirements governing the manner in which insurance claims must be handled.

26. Defendant breached its duty (or duties) of care to Plaintiff by failing to reasonably investigate the Claim and/or explain their denial of coverage, and/or by failing to adhere to applicable industry standards and/or state regulations.

27. As a direct and proximate result of the Defendant Insurer's aforesaid breach(es), Plaintiff has suffered, and will continue to suffer, significant damages.

## COUNT III
### Breach of Contract

28. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in the paragraphs above as if fully set forth herein.

29. The Insurance Policy is a contract between the Defendant Insurer and Plaintiff.

30. At all material times hereto, Plaintiff has complied with the terms of the Insurance Policy, including by, among other actions, paying premiums in a timely manner.

31. Defendant Insurer has failed to comply with the terms of the Insurance Policy by, among other actions and/or omissions, failing to cover Plaintiff's claim.

32. As a direct and proximate result of the Defendant Insurer's breach, Plaintiff has suffered, and will continue to suffer, significant damages.

## COUNT IV
### Unfair Claims Settlement Practices and Bad Faith

33. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in the paragraphs above as if fully set forth herein.

34. Defendant Insurer unreasonably refused to provide coverage for Plaintiff's claim under the Insurance Policy.

35. Defendant Insurer acted with reckless disregard as to the validity of Plaintiff's claim.

36. Defendant Insurer's denial of coverage, and its actions and omissions, constitute unfair claims settlement practices and bad faith under Rhode Island law, including, but not limited to, under R.I.G.L. § 9-1-33.

37.     Defendant Insurer's conduct was of such willful, wanton, and/or malicious nature, that in order to punish the offenders and deter future misconduct, punitive damages should be awarded to Plaintiff and against the Defendant Insurer.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in favor of Plaintiff and against the Defendant Insurer on each and every Count contained in Plaintiff's Complaint, enter a declaratory judgment as requested herein, award Plaintiff compensatory damages, punitive damages, interest, reasonable attorney's fees and costs, and grant such other and further relief as this Court deems just and proper.

**Plaintiff hereby demands a trial by jury.**

>
> Plaintiff,
> Expo Development, LLC d/b/a
> Expo Realty, LLC,
> By their Attorneys,
>
>      */s/ Kayla S. O'Connor, Esq.*
> Kayla S. O'Connor, Esq. (#9491)
> Richard E. Palumbo, Jr., Esq. (#7081)
> Law Offices of Richard Palumbo, LLC
> 535 Atwood Avenue, Suite 4
> Cranston, RI 02920
> Tel:  (401) 490-0994
> Fax:  (401) 490-0945
> Email: koconnor@richardpalumbolaw.com
>            rpalumbo@richardpalumbolaw.com

Dated: October 30, 2020